■ In the Matter of the Estate of EMMA W. DOWNING, Deceased. SAUL BALMUTH, as Trustee, Appellant; EARL D. STEENBURG, as Guardian ad Litem for SELMA HAYAN and Another, Respondent.—Appeal from so much of a decree of the Surrogate's Court of Saratoga County, entered April 30, 1979,

as (1) instructed the trustee on the disposition of certain trust income, and (2) disallowed the trustee's $400 fee included in the bill of costs. In this intermediate accounting of the trustee under the last will and testament of Emma W. Downing, the primary issue is whether Robert Frank Bahr is a "patient at any public hospital or institution" within the meaning of the will. The will provides that upon the death of the testatrix' husband, the net income payable to him from a trust and so much of the principal therein as is necessary to constitute a $50 per month payment should be paid to Robert Frank Bahr, unless "he shall be a patient at any public hospital or institution." Robert is currently under the control of the Utica-Marcy Psychiatric Center. He is in "family care" at the institution, meaning that he resides in a private home. While Robert is not a resident within the walls of a public hospital, he is under the close control and constant supervision of the psychiatric center. We, therefore, have no difficulty in concluding that he is a patient at a public hospital within the meaning of the will and, consequently, is not entitled to payments from the trust created by the will. Next, the Surrogate's disallowance of the trustee's request for a $400 fee for preparing the account, and drawing, entering and executing the decree should not be disturbed. SCPA 2302 (subd 7, par [b]) provides that upon an intermediate account of a fiduciary, the court "may" award an amount for such services which the court deems reasonable and, therefore, the allowance of such fees rests within the Surrogate's discretion. Here, it was reasonable for the Surrogate to consider, in the exercise of discretion, the size of the estate, that the trustee would also receive substantial fees for his services as an attorney, that some of the attorney and trustee services were duplicative, and that the trustee was permitted commissions pursuant to SCPA 2309 (subd 1). Decree modified, on the law and the facts, by reversing so much thereof as authorized payments under the will to Robert Frank Bahr, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.